(Decided February 11th, 1862.)

---

## JACOB M. MILLER *vs.* LEONARD GROVE.

In an exchange of horses with warranty of soundness and privilege of returning after trial, the horse received by the plaintiff was found unsound, and in a few days was returned by him, and demand made of the defendant for the horse received from the plaintiff in the exchange; HELD:

That the refusal of the defendant, on such demand, to restore the horse received from the plaintiff, was a conversion of the property, and rendered him liable to an action, by the plaintiff, for the value thereof.

There is no legal distinction between a sale of a horse for money, with warranty of soundness, and an exchange of similar property with like warranty, and where the privilege of returning is superadded, the right of rescinding the contract is unquestionable.

APPEAL from the Circuit Court for Frederick County.

Action brought Sept. 14th 1859, by the appellant against the appellee, "for that the defendant converted to his own use, or wrongfully deprived the plaintiff of the use and possession of the plaintiff's goods, that is to say, one mare; and the plaintiff claims $500." The defendant pleaded that he did not commit the wrong alleged.

*Exception:* The plaintiff proved, that on the 5th of September 1859, he and the defendant agreed to exchange mares. At the time of the exchange, the defendant assured the plaintiff that his mare was sound as a dollar; that he would insure her to be sound, and said, "If the mare is not all I recommend her to be, you can bring her back;—take her, and give her a trial before you bring her back." And plaintiff then said, "Well, as you ensure her sound, I will take her," and the exchange was then made, the plaintiff giving and delivering his mare, worth $130 or $140, for the mare of the defendant. The plaintiff further proved, that the mare he received from the defendant was, at the time of the exchange, and had been, for a considerable time before, unsound, lame and defective; and that some days before the middle of the same month, he sent her back, and tendered her to the defendant, and left her on his premises, and made demand on the defendant, to deliver the mare he had got from the plaintiff in the exchange, which defendant refused to do.

The defendant then asked the court to instruct the jury, that upon the pleadings and all the evidence in the case, the plaintiff is not entitled to recover, because he has offered no sufficient evidence from which the jury can find that the plaintiff, after the exhange, and before action brought, had acquired any such title to the mare delivered by the plaintiff to the defendant, on the occasion of the exchange, as would entitle the plaintiff to maintain this action. This prayer the court (NELSON, J.) granted, and to this ruling the plaintiff excepted, and the verdict and judgment being against him, appealed.

Miller vs. Grove.

The cause was argued before Bowie, C. J., Bartol, Goldsborough and Cochran, J.

*Jos. M. Palmer* for the appellant.

The only difference between a sale and an exchange is, that the former is a transfer of personal property for money, and the latter, for other personal property by way of barter. The rule of law applicable to rescinding contracts of sale, equally applies to the contract of exchange. In case of the rescision of a sale of a horse for money, *assumpsit* will lie to recover the purchase money paid; and in case of an exchange, trover or replevin is the proper remedy. 2 *Bl. Comm.*, 446, 447. 3 *Salk.*, 157, *Anon. Chitty on Cont.*, 374. By rescinding the contract, the parties are placed in *statu quo*; by rescinding the contract here, the mare transferred by the plaintiff to the defendant by the exchange, revested in the plaintiff. If the evidence in the case is to be believed, the plaintiff had clearly a right to rescind the contract, as he actually did. The evidence is conclusive upon the question, the sufficiency of which was for the jury and not the court. That the plaintiff had a right upon the facts disclosed in evidence, to rescind the contract, and bring this action to recover the value of the mare in question, cannot admit of a doubt. 1 *Parsons on Cont.*, 473 to 475. 3 *Esp.*, 83, *Curtis vs. Hannay. Starkie's Ev.*, 645. 2 *Kent*, 480, *note* 1. It is true that, in some of the English and American cases, it has been decided, that the breach of warranty alone will not authorize a rescinding of a contract, but that there must be fraud, or an agreement that the party may return the article transferred, if it turns out to be unsound and not as represented. But that is not the law of this State; a breach of warranty alone is sufficient to justify the rescinding of a contract of sale. *Franklin vs. Long*, 7 *G. & J.*, 419. The principle decided in that case, is conclusive this. See also, 2 *H. & J.*, 353, *Rutter vs. Blake*; 1 *Md. Ch. Dec.*, 501, *Taymon vs. Mitchell.*

No counsel appeared for the appellee.

Miller *vs.* Grove.

GOLDSBOROUGH, J., delivered the opinion of this court.

This was an action instituted in the Circuit court for Frederick county, on the 14th day of September 1859, by the appellant against the appellee, to recover damages for the value of a mare, claimed to be the property of the appellant, and converted by the appellee to his own use.

The defendant, by his pleading, made the issue in conformity with the Act of 1856, ch. 112.

At the trial below the appellant offered the evidence mentioned in the record, to prove an exchange of mares; that, at the time of the exchange, the appellee warranted the mare then belonging to him to be sound, and also said to the appellant, "If the mare is not all I recommend her to be, you can bring her back;" "take her, and give her a trial before you bring her back." The appellant then said, "Well, as you ensure her sound, I will take her." He also proved that the mare he received, was unsound, both before and at the time of the exchange. That after keeping her for a few days, he sent her to the appellee, and demanded the return of the mare he had delivered to the appellee; but the appellee refused to give her up.

After the testimony had been submitted to the jury, the defendant offered the prayer mentioned in the record, which the court gave. The plaintiff excepted, and, the verdict and judgment being for the defendant, the plaintiff appealed.

The defendant, by his prayer, having admitted the truth of all of the testimony offered by the plaintiff, the material question for us to decide is, whether the appellant, after the exchange, had the power to rescind, and, by the return of the appellee's mare, did rescind the contract? About this we entertain no doubt. The exchange was not only accompanied with a warranty of soundness, but also with the privilege of returning the appellee's mare after trial of her. The refusal of the appellee to restore the mare in controversy, upon the demand of the appellant, was a conversion of the property to his own use, and rendered him liable to the action instituted by the appellant.

We can see no legal distinction between a sale of a horse for money, with warranty of soundness, and an exchange of similar property, with like warranty. And when, as in this case, the privilege of returning the mare is superadded, the right of rescinding the contract is unquestionable.

*Parsons*, in his work on contracts, *vol.* 1, *page* 474, speaking of warranty, lays it down that a purchaser of goods "may return them forthwith; and if he does so without unreasonable delay, this will be a rescinding of the sale, and he may sue for the price, if he has paid it, or defend against an action for the price, if one be brought by the seller."

Regarding the acts of the appellant as a rescinding of the contract of exchange, the parties were placed in *statu quo,* and the appellant restored to his title to the mare in controversy, and thus enabled to recover in this action. The doctrine laid down in *Franklin vs. Long,* 7 *G. & J.,* 419, is, in our judgment, sufficiently comprehensive to control this case. See also *Rutter vs. Blake,* 2 *H. & J.,* 353.

We are therefore of opinion, that the Circuit court erred in granting the defendant's prayer, and the judgment must be reversed.

*Judgment reversed, and*
*procedenda awarded.*

